The undersigned respectfully dissents from the Opinion and Award finding that plaintiff suffered a compensable injury by accident and is entitled to disability benefits. I note initially that plaintiff's description of the alleged incident has varied and is not credible. Further, even assuming an injury occurred, there is no objective evidence to support plaintiff's claim that he remains disabled. At the very most, the credible evidence indicates that plaintiff sustained a sprain or strain which aggravated a pre-existing condition of his back. Dr. Hayes released plaintiff to return to light duty work on April 30, 2003, and defendant-employer offered plaintiff work within these restrictions but plaintiff reported he was unable to work because of pain. On May 24, 2003, Dr. Hayes released plaintiff (again) to light duty work, and to full duty work in three months. There is no objective evidence to indicate that plaintiff remains disabled, and defendants have presented evidence that plaintiff is malingering.
On a different note, I believe that defendants have been prejudiced because they were not allowed to present their full case by Deputy Commissioner Glenn, who indicated that he had already made up his mind prior to defendants' presentation of evidence. This is very troubling. The Deputy Commissioner is the initial fact finder; however, the possibility of appeal is always looming. As such, the evidence should be preserved in the record so that in case of appeal, the Full Commission, Court of Appeals or even the Supreme Court has an accurate depiction of the case when making a decision. I believe that it is inappropriate for the Deputy Commissioner to unreasonably limit defendants' evidence simply because he has already made up his mind as to the outcome of the case. The integrity of the judicial process requires a hearing officer to reserve judgment until the conclusion of all of the evidence. Furthermore, the limiting of evidence impedes the ability of this body to make a fair, unbiased, and informed decision. Particularly, defendants were not allowed to present certain lay testimony, as well as the security tape from Quality Hardwood Frames dated April 21, 2003. The majority indicates that the evidence which was disallowed would not affect the outcome of the case. I disagree. It is inconceivable that in a case which hinges on credibility of the plaintiff and occurrence of an injury by accident, testimony of lay witnesses would not affect the fact finder. The initial story one is told often seems compelling until you are given a chance to hear the other side. As such, I believe this matter should be reversed and remanded to the Deputy Commissioner for a full hearing.
Accordingly, I dissent.
This the ___ day of November, 2005.
 S/____________ BUCK LATTIMORE CHAIRMAN